82,114-03

CAUSE NO. 17983-B

IN RE

HUMPHREY BROCK, JR

V.

HONORABLE LEE HAMILTON
104th JUDICIAL Dist. COURT

§ IN THE TEXAS COURT
§
§ OF CRIMINAL APPEALS
§
§
§ AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 06 2015

Abel Acosta, Clerk

WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HUMPHREY BROCK, JR., Appellant in Cause No. 17983-B herein, and respectfully would show this Court the following:

HISTORY

Relator, Humphrey Brock, Jr. (Brock) was convicted in the 104th Judicial District Court for possession of one to four grams of cocaine with intent to deliver in a drug-free zone (CR 32, 55-57) and was sentenced by the trial court to life in prison (CR 55-57). Notice of Appeal was timely filed and the Eleventh Court of Appeals affirmed Brock's conviction on December 19, 2014. Brock immediately filed a Motion to Temporarily Review his trial record in order to reasonably

effectuate his post conviction writ of habeas corpus, Art. 11.07. The Motion was denied by the trial judge on February 4th, 2015 - (only partial copy returned to Brock)

## JURISDICTION

This Honorable Court has jurisdiction in this matter because it is the highest appellate court in the state of Texas as well as the next court in regards to Brock's appellate process after the convicting court of which has had the first fair opportunity to make right the issue at bar. See Padilla V. McDaniel, 122 S.W. 3d 805, 807 (2003); Also Tex. Const. 5 §6. [1][2]

## STANDARD

Mandamus may be available upon showing that 1) a trial court abused it's discretion by failing to correctly apply the law, and 2) the benifits and detriments of mandamus render appeal inadequate. In re Schmitz, 285 S.W. 3d 451 (Tex. 2009). Furthermore, court with mandamus authority will grant relief if relator

---

[1] Motion For Leave To File unecessary; In re McGee, 213 S.W. 3d 405, 406 (Tex. App. - Houston 2006).

[2] Relator is allowed to correct any deficiencies. Cronin V. Smith, 812 S.W. 2d 69, 70 (Tex App. - Houston 1991).

can demonstrate the act sought to be compelled is purely ministerial, and that relator has no other adequate legal remedy. Ex rel Rosenthal, v. Poe, 98 S.W. 3d 194, 197-99 (Tex. 2003).

## CAUSE

Brock filed a proper motion to temporarily review both the Reporter's Record and the Clerk's Record citing competent Supreme Court and Texas state legal authority, into the convicting court of which the trial court arbitrarily denied for no cited reasons. Brock asserts that this is contrary to clearly established Supreme Court precident; thus, Abuse of discretion in that it was his ministerial duty to order the district clerk to provide the requested records.

"Ministerial Act" requirement is such that relator has 'a clear right to the relief sought' meaning that the relief sought must be 'clear and indisputable' such that it's merits are 'beyond dispute' with 'nothing left to the exercise of discretion or judgement'." Id Piper at 108 [4].

In the matter at hand, there is no question that the trial court abused it's

discretion in that the court could have reached only one reasonable decision — a decision other than that reached by the court, {314 S.W. 3d 520 (2010)} and thus, abuse of discretion in that the decision made was a clear failure by the trial court to analyze or apply law correctly and therefore, arbitrary and unreasonable. In re Gulf Exploration, LLC, 289 S.W. 3d 836 (Tex. 2009). NOTE: A trial court has no discretion in determining what the law is or in applying the law to facts, thus, said failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. In re Paso Del Norte Surgery Ctr., 281 S.W. 3d 521 (Tex 2008)

PREJUDICE

Brock submits that the trial court had a mandatory duty to follow Supreme Court precident and order the district court clerk to submit the trial records Brock requested in that Brock's request was made in good faith and proper, and giving his indigency, necessary.

Furthermore, Brock asserts that within the record constitutional errors exist, which

MAY IN fact be the determining factor behind the decision to deny Brock a copy of such errors; nonetheless, the failure to relinquish the records has left Brock severly handicapped in his bid for post conviction relief in that he cannot now cite the location in the record of such constitutional errors of which habeas courts require. This will of course, result in the unfair denial of habeas Relief throughout the appellate process for reasons beyond Brock's control.

In sum, the trial court abused it's discretion by denying Brock a copy of the trial records which is clearly contrary to Supreme Court precident.[3] Mandamus Relief is appropriate and any appeal to such a ruling would be inadequate. This Court can, and should, with good conscience, grant Brock Relief by ordering the trial court to supply Brock with a copy of his trial Records.

---

[3] Exhibit 1 is a copy of the motion submitted to the trial court.

## PRAYER

Relator prays this Honorable Court will grant the requested relief in that he has fully met his burden in this matter and that Relief is an appropriate remedy in this matter.

## CERTIFICATE OF SERVICE

Relator, Humphrey Brock, Jr. AVERS, UNDER penalty of perjury, that all of the facts and statements herein are true and correct.

Signed this 1st day of March, 2015

*NOTE: The trial court has received a copy of this document.

Respectfully Submitted

Humphrey Brock Jr.

Humphrey Brock, Jr.
TDCJ # 1813749
Clements Unit 7I-31B
9601 Spur 591
Amarillo, TX 79107

6.

Exhibit (MANDAMUS)
17983-B

CAUSE NO. 11-12-00325-CR

Ex Parte,
HUMPHREY BROCK, JR.

IN THE 104th DISTRICT COURT

v.

TAYLOR COUNTY

THE STATE OF TEXAS

ABILENE, TEXAS

## MOTION TO TEMPORARILY REVIEW RECORDS

To the Honorable Judge of said Court:

Comes Now Humphrey Brock, Jr., Petitioner herein and respectfully submits this Motion To Temporarily Review Records for the following reason:

### I.

Petitioner is, within the following months, planning and preparing his pro se Application for Writ of Habeas Corpus, Art. 11.07. Within the body of said writ, Petitioner will raise only errors of constitutional magnitude.

As a matter of law, the Petitioner must and will state facts that if proved, would entitle him to relief. Ex parte Maldanado, 688 S.W. 2d 114 (Tex. Crim. App. 1985).

Inclusively, Petitioner must plead and prove, as he intends to do, that the complained of error(s) did in fact contribute to his conviction and/or punishment. Ex parte Barber, 829 S.W. 2d 889 (Tex. Crim. App. 1994).

Petitioner submits that there is no viable means by which to raise and/or plead factual errors within his writ of habeas corpus without first reviewing both the Clerk's Record and the

justice in that this request is made in good faith and the denial thereof would be a violation of the U.S. Constitution, 6th & 14th Amendments, the Texas Constitution, Art. I §§ 10 & 19, and Supreme Court law.

## V.
## CERTIFICATE OF SERVICE

Under penalty of perjury, Petitioner avers that all of the statements herein are true and correct and supplies the accompanying copy of his inmate trust fund as proof of his indigency.

Signed this 26th day of January, 2015.

Respectfully Submitted,

Humphrey Brock Jr.

Humphrey Brock, Jr. #1813749
Clements Unit 7I-31B
9601 Spur 591
Amarillo, Texas 79107

```
CSINIB02/CINIB02     TEXAS DEPARTMENT OF CRIMINAL JUSTICE      01/28/15
BCS2/RST6168             IN-FORMA-PAUPERIS DATA                04:10:28
TDCJ#: 01813749 SID#: 01590056 LOCATION: BILL CLEMENTS   INDIGENT DTE: 04/02/14
NAME: BROCK,HUMPHREY JR                       BEGINNING PERIOD:
PREVIOUS TDCJ NUMBERS:
CURRENT BAL:         0.00 TOT HOLD AMT:         0.00 3MTH TOT DEP:
6MTH DEP:                  6MTH AVG BAL:              6MTH AVG DEP:
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS



PROCESS DATE   HOLD AMOUNT     HOLD DESCRIPTION
                               ------------------------------
                               NO BANKING ACTIVITY
                               WITHIN THE PAST 6
                               MONTH PERIOD.
                               ------------------------------
```

STATE OF TEXAS COUNTY OF _Potter_
ON THIS THE _28_ DAY OF _January 2015_ CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _____ OR SID NUMBER: _____

R. HARRISON
NOTARY PUBLIC,
STATE OF TEXAS
My Commission Expires 08-06-2016
NOTARY WITHOUT BOND

R. Harrison

## ORDER

The foregoing motion is denied.

Signed 2-4-15

Judge